UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMANTHA D. L.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:25-cv-06119-BAT

**ORDER AFFIRMING THE COMMISIONER IN PART AND REMANDING IN PART**

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits (DIB). She contends the ALJ misevaluated the medical opinion evidence and her testimony and requests remand for calculation of an award of benefits. Dkt. 14. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings limited to Plaintiff's DIB claim under sentence four of 42 U.S.C. § 405(g). The finding of disability beginning October 27, 2014, is affirmed.

## BACKGROUND

Plaintiff applied for SSI and DIB in October 2014 alleging disability as of March 31, 2009. Tr. 1884. Her date last insured was March 31, 2010. *Id.* Her applications were denied initially and upon reconsideration. *Id.* ALJ Gary Elliott held a hearing and found Plaintiff not disabled. Tr. 21-29. Plaintiff appealed and this Court remanded for further proceedings. Tr. 610-

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 1

21. ALJ Paul Gaughen held a second hearing and again found Plaintiff not disabled. Tr. 483-93. Plaintiff appealed and this Court remanded on stipulation by the parties. Tr. 1434-35. On November 8, 2022, ALJ Allen Erickson issued a partially favorable decision finding Plaintiff disabled as of June 1, 2017. Tr. 1332-50. Plaintiff appealed and this Court again remanded based upon the stipulation by the parties. Tr. 1966-67. On August 15, 2025, ALJ Erickson again issued a partially favorable decision, now finding Plaintiff disabled as of October 27, 2014. Tr. 1884-

Plaintiff appeals the 2025 decision and contends the ALJ erroneously found she was not disabled between March 31, 2009, and October 26, 2014. Dkt. 14 at 2.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found since March 31, 2009, Plaintiff had the severe impairments of obesity and fibromyalgia, which did not meet or equal the requirements of any listed impairments. Tr. 1888-91. The ALJ found between March 31, 2009, and Plaintiff's date last insured (March 31, 2010), Plaintiff had the residual functional capacity to perform light work except for occasional climbing of ladders, ropes, or scaffolds; occasional crawling; occasional exposure to vibration; occasional exposure to extreme temperatures/humidity; and frequent, but not constant, handling and fingering bilaterally. Tr. 1891. The ALJ found Plaintiff was accordingly not disabled before her date last insured because there were jobs existing in significant numbers in the national economy that Plaintiff could perform. Tr. 1895-96.

Beginning October 27, 2014, the ALJ found Plaintiff had the severe impairments of obesity, migraines, and fibromyalgia, and that Plaintiff could perform a limited range of sedentary work. Tr. 1888, 1893. Based on the testimony of a vocational expert, the ALJ found

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 2

there were no jobs in the national economy that Plaintiff could perform with this RFC and accordingly found her disabled as of October 27, 2014. Tr. 1896-97.

**DISCUSSION**

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

1.       **Medical Evidence**

Plaintiff has been found to be disabled under Title XVI as of October 27, 2014. Tr. 1895-96. This appeal is limited to Plaintiff's entitlement to Title II benefits, which depends on whether she was disabled as of the date last insured, March 31, 2010. Plaintiff's primary argument is the ALJ erred in failing to relate back the opinions of her treating rheumatologist, Dr. James Nakashima. Dkt. 14 at 3-13. Dr. Nakashima began treating Plaintiff on September 5, 2014. Tr. 427. His opinions were written in October 2017 and July 2019. Tr. 975-79, 1277-82.

Plaintiff argues Dr. Nakashima's opinions relate back to the relevant disability period, but points to no evidence to support such a finding. Dkt. 14 at 10. Further the record does not indicate Dr. Nakashima intended his 2017 and 2019 opinions to be retrospective. In his 2017 opinion, in response to the question "what is the earliest date that the description of symptoms and limitations in this questionnaire applies?", Dr. Nakashima wrote 2005. Tr. 979. But in response to the same question in his 2019 opinion, Dr. Nakashima wrote "by history 2005, by

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 3

face-to-face 9/2014." Tr. 1282. Given Dr. Nakashima's limited statements, the Court cannot find the doctor intended to or gave opinions that were retrospective as Plaintiff claims. *Capobres v. Astrue,* 2011 WL 1114256, at *5 (D. Idaho Mar. 25, 2011) ("Although Dr. Quattrone opined that the earliest date Petitioner's symptoms and limitations were present was February 1999, she did not specifically discuss the nature and extent of Petitioner's limitations in the relevant timeframe."); *Mack v. Berryhill,* 2018 WL 2459917, at *4 (C.D. Cal. May 30, 2018) (finding an inference a medical opinion was retrospective to be unwarranted "[i]n the absence of evidence that [the doctor] was purporting to describe Plaintiff's limitations for the relevant period").

Even if the Court assumed the opinions were retrospective, "a retrospective opinion may be discredited if it is inconsistent with, or unsubstantiated by, medical evidence from the period of claimed disability." *Fennen v. Astrue*, 2013 WL 492093, at *1 (W.D. Wash. Feb. 8, 2013); *see also Nelson v. Kijakazi*, 2023 WL 2182362, at *1 (9th Cir. Feb. 23, 2023) (affirming rejection of opinion where, even assuming the opinion was retrospective, "there are no medical records from the relevant time period that support it"). The ALJ indicated he gave significant weight to Dr. Nakashima's opinions beginning on October 27, 2014, and the opinions were supported by the evidence since that date. Tr. 1894-95. In finding the doctor's opinions were supported since 2014, it is reasonable to conclude the ALJ did not find Dr. Nakashima's opinions related to Plaintiff's limitations prior to that date. *Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir. 1989) (courts may draw specific and legitimate inferences from the ALJ's opinion). The ALJ noted there was very little evidence during the relevant disability period which further supports the inference the ALJ determined the evidence did not support Dr. Nakashima's opinions before October 27, 2014. Tr. 1892.

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 4

Plaintiff contends the ALJ's note on the lack of evidence during this time is a conclusory finding unsupported by substantial evidence and provides a three-page summary of "significant probative evidence" that in Plaintiff's view is consistent with Dr. Nakashima's opinion. Dkt. 10-13. Plaintiff's summary, and the record contains only a single treatment record from the relevant disability period. Dkt. 14 at 10. In December 2009, Plaintiff visited her doctor and reported she had not taken her fibromyalgia medication for two to three months. Tr. 402. She stated thrice-daily gabapentin was not helping, but Flexeril helped at night for muscle pain and sleep. *Id.* Her doctor refilled her medication. *Id.* The next visit associated with her fibromyalgia did not occur until November 2010, at which time the severity level was rated at mild-moderate, and Plaintiff stated her pain was relieved by muscle relaxers. Tr. 380-82.

Plaintiff also argues the ALJ erred by failing to give "controlling weight or at least proper deference" to Dr. Nakashima's opinions regarding her limitations since April 2005. Dkt. 14 at 10. Even assuming Dr. Nakashima's opinions did relate back to the relevant period for Plaintiff's DIB claim, his opinions would not be entitled to controlling weight or even deference over that of the non-examining state agency physician. Dr. Nakashima did not begin treating Plaintiff until September 2014. Tr. 427. A treating doctor may offer an opinion about a claimant's functioning before the doctor began treating the claimant, but such opinions "are scarcely different from any non-treating physician with respect to that time period." *Magallanes*, 881 F.2d at 754.

In sum, the Court finds the ALJ's evaluation of the medical opinions is free of legal error and supported by substantial evidence.

**2.        Plaintiff's Symptom Testimony**

The ALJ found Plaintiff's impairments could reasonably be expected to cause her symptoms and did not find malingering. The ALJ was thus required to provide clear and

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 5

convincing reasons to discount her testimony. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). "General findings are insufficient, rather, an ALJ must identify what testimony is not credibly and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, the ALJ's findings must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015).

The ALJ explained the two-step process for consideration of symptom testimony, summarized the limited medical evidence for the relevant disability period, then moved onto his evaluation of the medical opinion evidence. Tr. 1891-93. The ALJ failed to discuss any of Plaintiff's testimony regarding the relevant disability period and did not even make a generic credibility finding. Because the ALJ failed to identify the testimony he found not credible, he did not link that testimony to the particular parts of the record supporting his non-credibility determination. This was legal error. *Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) (finding ALJ committed legal error where he never connected the record to claimant's testimony nor made a specific finding linking a lack of medical records to claimant's testimony).

**3.       RFC and Step Five Findings**

Because the ALJ erred in assessing Plaintiff's testimony, the RFC determination fails to account for all limitations, and the ALJ's step five findings must be reassessed on remand.

**4.       Scope of Remand**

Plaintiff requests an award of benefits but fails to provide any argument supporting the existence of the rare circumstances necessary to warrant such an award. Dkt. 14 at 17. The Court finds this matter should be remanded for further administrative proceedings.

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 6

Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1099-1100 (9th Cir. 2014). A remand for immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter,* 806 F.3d at 495 (quoting *Treichler,* 775 F.3d at 1099). Under the Ninth Circuit's credit-as-true test, three elements must be satisfied to remand for an award of benefits. *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014)

First, the Court must conclude the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* Second, the Court must find that the record has been fully developed and further administrative proceedings would serve no useful purpose. *Id.* Third, the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* at 1021. Even where a claimant satisfies all elements, the Court has flexibility to remand for further proceedings "when the record as a whole crates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

Arguably, the first two requirements of the credit-as-true test are met. The Court has found the ALJ committed harmful error in failing to discuss Plaintiff's testimony in relation to her DIB claim and recognizes that the record has been fully developed over the course of four hearings. However, considering the limited medical evidence before Plaintiff's date last insured, it is unclear the ALJ would be required to find Plaintiff disabled on remand if he credited her testimony as true. Accordingly, remand for further administrative proceedings is the appropriate remedy.

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 7

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The finding of disability beginning October 27, 2014, is affirmed. The matter is remanded for limited to further administrative proceedings in relation to Plaintiff's DIB claim.

On remand, the ALJ shall reassess Plaintiff's testimony as it pertains to the relevant disability period; expand the record and redetermine residual functional capacity as needed; and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 23rd day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISIONER IN PART AND
REMANDING IN PART - 8